C. P. FORD & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32292.  Promulgated May 20, 1930.

*H. Earlton Hanes, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

Seawell: The error assigned by the petitioner is a disallowance by the Commissioner of a "net loss" for the fiscal year ended September 30, 1924, as a deduction from net income for the period October 1, 1925, to May 31, 1926, but this is hardly a true statement of the issue presented, for the reason that it conveys the impression that there is an admitted "net loss" for the fiscal year ended September 30, 1924, which the Commissioner is refusing to allow as a deduction in computing net income for the period October 1, 1925, to May 31, 1926. What the petitioner really contends is that since the "net loss" which was sustained in 1922 is an allowable deduction in computing net income for 1924 (there being also a "net loss" for 1923), the excess of such "net loss" for 1922 over the net income for 1924 constitutes a "net loss" for 1924 which may be carried forward and allowed as a deduction in computing net income for the period October 1, 1925, to May 31, 1926.

In other words, this petitioner sustained net losses for 1922 and 1923 and had taxable net income for 1924. The net loss for 1922 exceeded such net income for 1924 by $5,188.68. Is this amount of $5,188.68 a statutory "net loss" for 1924? We think not. Section 206 (a) of the Revenue Act of 1924 states that "As used in this section the term 'net loss' means the excess of the deductions allowed by section 214 or 234 over the gross income," with certain exceptions not here material. We fail to find among the deductions allowable under section 234 (which is here applicable, since the petitioner is a corporation) any provision for the allowance of a "net loss" as a deduction. The allowance of a "net loss" as a deduction in computing net income provided by section 206 is entirely different from the deductions provided by section 234. The fact that a net loss for one year is a deduction in computing net income for certain subsequent years does not necessarily mean that it is also a deduction in computing net losses for these same years. On the contrary, the statute provides that a "net loss" may be used as a deduction in computing net income and also provides with much particularity how such "net loss" shall be determined, omitting from such latter considera-

tions any reference to the use of a "net loss" as a deduction in determining a "net loss."

The further consideration exists that the allowance of the petitioner's contention would have the effect of carrying the "net loss" beyond the second and third years after such "net loss" was sustained to the fifth year and if this were permissible we see no reason why the carrying forward could not be continued indefinitely. Our understanding is that the intent and proper interpretation of the statute is directly opposed to the allowance beyond the third year, which, in this instance, is 1924. As we said in *Strain Brothers, Inc.,* 19 B. T. A. 601:

Section 206 (e) of the Revenue Act of 1924 provides that any net loss sustained for 1922, in excess of the net income for the taxable year 1923, shall be allowed as a deduction in computing net income for the taxable year 1924. No provision is made for carrying forward a net loss for 1922, as a deduction, beyond the taxable year 1924. * * *

See also *National Slag Co.,* 16 B. T. A. 1310; *Junius Beebe,* 18 B. T. A. 529; and Senate Report No. 398, Committee on Finance, p. 20.

In view of the foregoing, we are of the opinion that no "net loss" was sustained by the petitioner for the fiscal year ended September 30, 1924, and therefore the deduction claimed by the petitioner for the period October 1, 1925, to May 31, 1926, must be disallowed.

*Judgment will be entered for the respondent.*